UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

BENZION BLUMENBERG, HAIM BRIZEL and
YEHOSHUA RABINOVICH, as Trustees of The
Hy Trust #2,

    Plaintiff,

vs.

JOHN HANCOCK LIFE INSURANCE
COMPANY,

    Defendant.

CIVIL ACTION NO: CV12-0084

JOHNSON, J.

LEVY, M.J.

## NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant John Hancock Life Insurance Company (U.S.A.), incorrectly identified as John Hancock Life Insurance Company ("John Hancock" or "Defendant"), hereby removes to the United States District Court for the Eastern District of New York the above-styled action, currently pending as Docket No. 500757/2011 in the Supreme Court of the State of New York, Kings County (the "State Court Action"), on the grounds that complete diversity of citizenship exists between Plaintiffs and Defendant; that the matter in controversy exceeds $75,000; that this Court has original jurisdiction of this action in accordance with 28 U.S.C. § 1332(a)(3); and that this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

    1.    Defendant is a Michigan corporation with its principal place of business located in Boston, Massachusetts.

    2.    Plaintiff Benzion Blumenberg ("Plaintiff Blumenberg"), as Trustee of The Hy Trust #2, is an individual and is a citizen and resident of the State of New York.

1

3. Plaintiff Haim Brizel ("Plaintiff Brizel"), as Trustee of The Hy Trust #2, is an individual and is a citizen and resident of the State of Israel.

4. Plaintiff Yehoshua Rabinovich ("Plaintiff Rabinovich"), as Trustee of The Hy Trust #2, is an individual and is a citizen and resident of the State of Israel.

5. The Hy Trust #2 is a trust created under the laws of the State of New York.

6. Plaintiffs filed the State Court Action on or about September 12, 2011 in the Supreme Court of the State of New York, Kings County. A copy of the Summons and Complaint (the "Complaint") is attached hereto as Exhibit A and constitutes the only "process, pleadings, and orders served upon" Defendant in the State Court Action of which Defendant is aware. *See* 28 U.S.C. § 1446(a).

7. Service was effected on December 16, 2011 when Defendant served an Acknowledgment of Service of the Complaint on counsel for Plaintiffs. The Complaint had previously been delivered to counsel for Defendant on December 13, 2011. A copy of the Acknowledgement of Service is attached hereto as Exhibit B.

8. The parties have stipulated to extend Defendant's time to answer or otherwise respond to the Complaint up to and including January 16, 2011. A copy of the Stipulation is attached hereto as Exhibit C.

9. The Complaint alleges that Defendant, *inter alia*, has failed to pay a $3,000,000.00 death benefit pursuant to an alleged life insurance policy issued by John Hancock.

10. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides, in relevant part, that:

2

> [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

28 U.S.C. § 1332(a)(3).

11. The citizenship of Plaintiff Blumenberg is diverse from the citizenship of Defendant, in that Plaintiff Blumenberg is a citizen and resident of New York and Defendant is a citizen of Michigan and Massachusetts. Plaintiff Brizel and Plaintiff Rabinovich are citizens of the State of Israel, a foreign state, and are additional parties in this action pursuant to 28 U.S.C. § 1332(a)(3). (*See* Exhibit A.)

12. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs explicitly demand "Monetary Judgment in the amount of $3,000,000". (*See* Exhibit A.)

13. Defendant's removal of the State Court Action is timely. A defendant seeking removal of an action initiated in a state court must file a notice of removal with the district court within thirty (30) days of service of the complaint upon the defendant. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 352-53, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). As noted in paragraph 7, Defendant acknowledged service on December 16, 2011, and this Notice of Removal is being filed within thirty days from that date, making removal timely. (*See* Exhibit B.)

3

14. A copy of this Notice of Removal is being filed with the Clerk of the Supreme Court of the State of New York, Kings County and is being served on counsel of record for Plaintiffs. *See* 28 U.S.C §§ 1446(a), (d). The Supreme Court of the State of New York, Kings County is located within this District.

Dated: January 6, 2012
       New York, New York

KELLEY DRYE & WARREN LLP

By: _____
Neil Merkl
Sean R. Flanagan
Jaclyn M. Metzinger
101 Park Avenue
New York, NY 10178
(212) 808-7843
nmerkl@kelleydrye.com
sflanagan@kelleydrye.com
jmetzinger@kelleydrye.com

*Attorneys for Defendant John Hancock Life Insurance Company (U.S.A.)*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2012, I caused the foregoing Notice of Removal to be served by overnight delivery upon counsel for Plaintiffs:

Ira S. Lipsius, Esq.
Cheryl D. Lipsius, Esq.
Lipsius-Benhaim Law, LLP
80-02 Kew Gardens Road
Kew Gardens, New York 11415

_____
Jaclyn M. Metzinger

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

BENZION BLUMENBERG, HAIM BRIZEL and
YEHOSHUA RABINOVICH, as Trustees of The
Hy Trust #2,

                            Plaintiffs,

vs.

JOHN HANCOCK LIFE INSURANCE
COMPANY

                            Defendant.

Date Filed: _____ 2011

Index No. _____ /2011

Plaintiff designates Kings
County as the place of trial

The Basis of Venue is
Plaintiffs' Residence

**SUMMONS**

The Trust resides at
5014 16th Avenue, Ste 303
Brooklyn, NY 11204
County of Kings

**TO THE ABOVE NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the date of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
          September 12, 2011

                                                  LIPSIUS-BENHAIM LAW, LLP
                                                  Attorneys for Plaintiffs

                            By: _____
                                 Ira S. Lipsius, Esq.
                                 Cheryl D. Lipsius
                                 14 Penn Plaza, Suite 500
                                 New York, New York 10122
                                 212-981-8440

Defendant's address:

John Hancock Life Insurance Company
197 Clarendon Street
Boston, mA 02116

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

BENZION BLUMENBERG, HAIM BRIZEL and
YEHOSHUA RABINOVICH, as trustees of The
HY TRUST #2,

                          Plaintiffs,

vs.

JOHN HANCOCK LIFE INSURANCE
COMPANY,

                          Defendant.

Index No.

**COMPLAINT**

Plaintiffs, Benzion Blumenberg, Haim Brizel and Yehoshua Rabinovich, as Trustees of The Hy Trust #2, by their attorneys, Lipsius-BenHaim Law, LLP, for their complaint, state:

1. Benzion Blumenberg is a citizen and resident of the State of New York, and is a Trustee of The Hy Trust #2 (the "Trust").

2. Haim Brizel is a citizen and resident of the State of Israel and is a Trustee of the Trust.

3. Yehoshua Rabinovich is a citizen and resident of the State of Israel and is a Trustee of the Trust.

4. The Insured Jeanette Blumenberg was a citizen and resident of the State of New York, County of Kings.

5. The Hy Trust is a New York Trust located in Kings County.

6. Upon information and belief, John Hancock Life Insurance Company ("John Hancock") is a corporation or other business entity incorporated in Massachusetts and is licensed to and does transact business in the State of New York.

7. On or about June 13, 2005, defendant issued Policy Number UL 1417366 to the Trust insuring the life of Jeanette Blumenberg (hereinafter the "Policy").

8. The Policy provides a death benefit in the amount of three million ($3,000,000) dollars.

9. The Policy was delivered in the State of New York.

10. The Trust is the owner of the Policy.

11. On or about April 24, 2011, Jeanette Blumenberg died.

12. From June 13, 2005 until her death, Jeanette Blumenberg was a resident of Brooklyn New York.

13. Defendant has asserted that prior to the death of Jeanette Blumenberg the Policy lapsed.

14. Defendant failed to send proper notice that the Policy was entering grace period.

15. Defendant failed to send proper notice that the Policy was going to lapse.

16. Plaintiffs have given notice to defendant of the death of Jeanette Blumenberg.

17. John Hancock has not paid death benefits to plaintiffs.

## FIRST CAUSE OF ACTION

18. Defendant failed to send Grace Period Notice in accordance with the terms of the Policy.

19. Defendant failed to send Grace Period Notice in accordance with the law.

20. Defendant has refused to restore the Policy.

21. Defendant is estopped from cancelling the Policy.

22. Defendant has waived its right to cancel the Policy.

23. Under case law or applicable statute, defendant's attempt to cancel the Policy is unlawful.

24. By reason of the foregoing, plaintiff is entitled to a declaration that the Policy did not lapse and was in full force and effect up to and including the date of death of Jeanette Blumenberg.

## SECOND CAUSE OF ACTION

25. Plaintiffs repeat, reiterate and reallege the allegation contained in paragraphs 1 through 24 of the Complaint as if set forth at length herein.

26. John Hancock breached the Policy by refusing to pay the death benefit.

27. Defendant owes the Trust the death benefit of $3,000,000 plus interest.

**WHEREFORE**, plaintiffs respectfully request that the Court enter judgment against defendant as follows:

    a. Declaring the Policy was in full force and effect as of the death of Jeanette Blumenberg;

    b. Monetary Judgment in the amount of $3,000,000; and

    c. Interest, costs and attorneys' fees.

Dated: New York, New York
       September 12, 2011

LIPSIUS-BENHAIM LAW, LLP
Attorney for Plaintiff

By: _____
Ira S. Lipsius
Cheryl D. Lipsius
14 Penn Plaza, Suite 500
New York, New York 10122
212-981-8440

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

BENZION BLUMENBERG, HAIM BRIZEL and
YEHOSHUA RABINOVICH, as Trustees of
The Hy Trust #2,

        Plaintiff,

-against-

JOHN HANCOCK LIFE INSURANCE COMPANY

        Defendant.

---

Index No. 500757/2011

**ACKNOWLEDGMENT
OF SERVICE**

    Defendant, John Hancock Life Insurance Company, hereby acknowledges receipt of a copy of the summons and complaint in the above captioned matter via email and regular mail to its attorneys Kelley Drye & Warren LLP.

Dated: New York, New York
       December 13, 2011

                    KELLEY DRYE & WARREN LLP
                    Attorneys for Defendant

                    By: _____
                        Sean Flanagan
                    101 Park Avenue
                    New York, NY 10178

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

BENZION BLUMENBERG, HAIM BRIZEL and YEHOSHUA RABINOVICH, as Trustees of The Hy Trust #2,

                    Plaintiff,

vs.

JOHN HANCOCK LIFE INSURANCE COMPANY,

                    Defendant.

Index No.: 500757/2011

**STIPULATION**

---

## STIPULATION EXTENDING DEFENDANT'S TIME TO ANSWER

**IT IS HEREBY STIPULATED AND AGREED** by and among counsel for plaintiffs Benzion Blumenberg, Haim Brizel, and Yehoshua Rabinovich, as Trustees of The Hy Trust #2 (collectively, "Plaintiffs"), and defendant John Hancock Life Insurance Company (U.S.A.) incorrectly identified as John Hancock Life Insurance Company ("Defendant" or "John Hancock"), by and through their undersigned counsel, as follows:

1. On December 16, 2011, Defendant served an Acknowledgement of Service of the Complaint on counsel for Plaintiffs; and

2. The time for Defendant to answer or otherwise respond to the Complaint, originally scheduled for January 5, 2012, shall be extended to January 19, 2012.

**IT IS FURTHER STIPULATED AND AGREED** that this stipulation may be filed with the Clerk of the Court without further notice;

**IT IS FURTHER STIPULATED AND AGREED** that this stipulation may be signed by counsel for the parties in counterparts and by facsimile;

**IT IS FURTHER STIPULATED AND AGREED** that facsimile signatures shall be binding to the same effect as originals.

Dated: January 4, 2012
New York, New York

| LIPSIUS-BENHAIM LAW LLP | KELLEY DRYE & WARREN LLP |
|---|---|
| By: /s/ Cheryl Lipsius | By: /s/ Neil Merkl |
| Ira S. Lipsius | Neil Merkl |
| Cheryl Lipsius | Sean R. Flanagan |
| 80-02 Kew Gardens Road | 101 Park Avenue |
| Kew Gardens, New York 11415 | New York, NY 10178 |
| (212) 981-8440 | (212) 808-7800 |
| *Attorneys for Plaintiffs Benzion Blumenberg, Haim Brizel, and Yehoshua Rabinovich, as Trustees of The Hy Trust #2* | *Attorneys for Defendant John Hancock Life Insurance Company (U.S.A.)* |