UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENZION BLUMENBERG, HAIM BRIZEL and YEHOSHUA RABINOVICH, as Trustees of The Hy Trust #2,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>Defendant. | Hon. Sterling Johnson, Jr.,<br>Case No.: 12-cv-0084 (SJ) (RML)<br><br>**DEFENDANT JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)'S ANSWER AND AFFIRMATIVE DEFENSES** |

John Hancock Life Insurance Company, now known as John Hancock Life Insurance Company (U.S.A.) ("John Hancock" or "Defendant"), by and through its attorneys, Kelley Drye & Warren LLP, as and for its Answer to Plaintiffs' Complaint, dated September 12, 2011 (the "Complaint") states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Denies the allegations contained in Paragraph 6 of the Complaint except admits that the former John Hancock Life Insurance Company, a Massachusetts insurance company, was licensed to do business in New York in 2005. As of December 31, 2009, John Hancock Life Insurance Company merged into John Hancock Life Insurance Company (U.S.A.), a Michigan insurance company with its principal place of business in Boston, Massachusetts.

7. Denies the allegations contained in Paragraph 7 of the Complaint except admits that on or about June 13, 2005, John Hancock Life Insurance Company issued a life insurance policy, number UL 1417366, insuring the life of Jeanette B. Blumenberg (the "Life Insurance Policy").

8. Denies the allegations contained in Paragraph 8 of the Complaint, except admits that the Life Insurance Policy was a policy with a face amount of $3 million.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Denies the allegations contained in Paragraph 10 of the Complaint except admits that prior to the lapse of the Life Insurance Policy, John Hancock sent to Plaintiff Brizel a document entitled "CHANGE OF OWNERSHIP ACKNOWLEDGEMENT".

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Admits the allegations contained in Paragraph 13 of the Complaint and further states that the Life Insurance Policy lapsed pursuant to its terms for non-payment of premiums sufficient to keep the Life Insurance Policy in force.

14. Denies the allegations contained in Paragraph 14 of the Complaint and further alleges that proper notice was given. Defendant respectfully refers to the notice for a complete and accurate statement of its terms.

15. Denies the allegations contained in Paragraph 15 of the Complaint and further alleges that proper notice was given. Defendant respectfully refers to the notice for a complete and accurate statement of its terms.

16. Denies the allegations contained in Paragraph 16 of the Complaint except admits that Defendant has been notified of the death of Jeanette Blumenberg through service of the Complaint and through subsequent communications between counsel for Plaintiffs and counsel for Defendant.

17. Admits the allegations contained in Paragraph 17 of the Complaint.

## FIRST CAUSE OF ACTION

18. Denies the allegations contained in Paragraph 18 of the Complaint.

19. Denies the allegations contained in Paragraph 19 of the Complaint.

20. Admits the allegations contained in Paragraph 20 of the Complaint.

21. Denies the allegations contained in Paragraph 21 of the Complaint.

22. Denies the allegations contained in Paragraph 22 of the Complaint.

23. Denies the allegations contained in Paragraph 23 of the Complaint.

24. Denies the allegations contained in Paragraph 24 of the Complaint.

## SECOND CAUSE OF ACTION

25. With respect to the allegations set forth in paragraph 25 of the Complaint, John Hancock repeats, realleges, and incorporates by reference its response to paragraphs 1 through 24 of the Complaint with the same force and effect as if fully set forth at length herein.

26. Denies the allegations contained in Paragraph 26 of the Complaint.

27. Denies the allegations contained in Paragraph 27 of the Complaint.

28. Denies that Plaintiffs are entitled to any of the relief requested in the "WHEREFORE" clause of the Complaint.

## AFFIRMATIVE DEFENSES

### AS TO THE FIRST AFFIRMATIVE DEFENSE

29. The Complaint fails to state a cause of action upon which relief can be granted.

### AS TO THE SECOND AFFIRMATIVE DEFENSE

30. The Life Insurance Policy terminated according to its own terms when Plaintiffs failed to pay the required premiums.

### AS TO THE THIRD AFFIRMATIVE DEFENSE

31. Plaintiffs' causes of action are barred for failure to comply with the conditions of the Policy, to wit, the timely payment of premiums.

### AS TO THE FOURTH AFFIRMATIVE DEFENSE

32. Plaintiffs' injuries, if any, were caused in whole or in part by the contributory negligence and/or other culpable action or inaction of Plaintiffs.

### AS TO THE FIFTH AFFIRMATIVE DEFENSE

33. Plaintiffs have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of John Hancock as alleged in the Complaint.

### AS TO THE SIXTH AFFIRMATIVE DEFENSE

34. Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

## AS TO THE SEVENTH AFFIRMATIVE DEFENSE

35. Plaintiffs' claims are barred in whole or in part by the doctrine of equitable estoppel.

## AS TO THE EIGHTH AFFIRMATIVE DEFENSE

36. John Hancock performed and satisfied all its obligations under the Life Insurance Policy.

## AS TO THE NINTH AFFIRMATIVE DEFENSE

37. Proper notice was given pursuant to New York State Insurance Law § 3211.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant John Hancock Life Insurance Company (U.S.A.) requests that the Court enter a Judgment as follows:

    a.    dismissing Plaintiffs' Complaint in its entirety with prejudice;

    b.    awarding John Hancock costs, disbursements and attorneys' fees; and

    c.    such other further relief as the Court deems just and proper.

Dated: January 13, 2012
        New York, New York

KELLEY DRYE & WARREN LLP

By: _____
Neil Merkl
Sean R. Flanagan
Jaclyn M. Metzinger
101 Park Avenue
New York, NY 10178
(212) 808-7800
nmerkl@kelleydrye.com
sflanagan@kelleydrye.com
jmetzinger@kelleydrye.com

*Attorneys for Defendant John Hancock Life Insurance Company (U.S.A.)*

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2012, I caused the foregoing Answer and Affirmative Defenses to be served accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

>   Ira S. Lipsius, Esq.
>   Lipsius-Benhaim Law, LLP
>   80-02 Kew Gardens Road
>   Kew Gardens, New York 11415

_____
Jaclyn M. Metzinger